UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:14-CR-035 |
| | ) |
| SERGIO VERDIN REYES | ) |

**MEMORANDUM AND ORDER**

On September 22, 2015, the court held a hearing on the defendant's motion to withdraw his guilty plea [doc. 204]. The court heard testimony from the defendant along with the arguments of counsel for both parties. For the reasons that follow, the defendant's motion will be denied.

I.

*Background*

The indictment in this multi-defendant case contains 22 counts, three of which pertain to the instant defendant. Count One charges that he conspired to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. If convicted of Count One, the defendant would face a statutorily-mandated sentence of at least 120 months. Additionally, Count 20 charges that the defendant possessed a firearm while unlawfully in the United States, in violation of 18 U.S.C. § 922(g)(5)(A). Count 22 charges the defendant with illegally reentering the United States, in violation of 8 U.S.C. § 1326.

The defendant has been represented by three court-appointed attorneys in this case. On December 3, 2014, the defendant and his first lawyer signed a plea agreement admitting guilt to Counts 20 and 22. The plea agreement contemplates the *eventual* dismissal of Count One and, pursuant to Federal Rule of Civil Procedure 11(c)(1)(C), provides for a negotiated total sentence of 54 months on Counts 20 and 22. The court accepted the defendant's guilty plea at a December 16, 2014 hearing, and a transcript of that hearing has been filed [doc. 208].

The defendant's first two attorneys moved to withdraw from representing him on March 31 and May 19, 2015. On July 23, 2015, current defense counsel moved for the defendant to be allowed to withdraw his guilty plea. Four days later, the court received a letter from the defendant dated July 16, 2015. The letter was in English and, according to the defendant's September 22, 2015 testimony, was written by a friend whose name the defendant purports not to know. According to the defendant, the letter was accurate. Therein, the defendant complains about the difference between his advisory guideline range and his agreed-upon sentence but notably also states, "I do except [sic] responsibility for my actions and I do enter a plea of guilty." [Doc. 206].

In material part, the defendant's plea agreement provides, "The defendant is pleading guilty because the defendant is in fact guilty." [Doc. 140, ¶ 4]. Further, the defendant admitted facts satisfying the elements of the crimes charged in Counts 20 and 22. [*Id.*, ¶ 5(a)-(b)].

At the commencement of the December 16, 2014 change of plea hearing, the defendant (through an interpreter) swore to tell the truth. [Doc. 208, p.3]. The following

2

pertinent exchanges and acknowledgments from the change of plea hearing are noted:

- The defendant confirmed his understanding that he could be prosecuted for perjury if he answered any questions falsely. [*Id.*].

- The defendant affirmed that he understood what was happening. [*Id.*, p.5].

- The defendant affirmed that his attorney had explained the terms of the plea agreement to him. [*Id.*, p.6].

- When asked whether he was satisfied with his lawyer's advice and representation, the defendant answered, "Not a lot," but had no opinion as to whether any other attorney could have performed more satisfactorily. [*Id.*].

- The defendant affirmed his understanding "that by entering a plea of guilty, if that plea is accepted by the Court, that there will be no trial and that you will have given up the right to a trial of any kind as well as those other rights associated with a trial . . . ." [*Id.*, p.7-8].

- When asked whether, aside from his plea agreement, any agent of the government had promised that he would receive a lighter sentence in exchange for pleading guilty, the defendant responded: "Well, what my lawyer told me was that if they would not consider the conspiracy, then it would report, record me, and that's something I'm not really sure I understand." After additional questioning, the defendant acknowledged understanding that he and the prosecution had agreed to a specific sentence. [*Id.* p.8].

- The defendant further agreed with the government's summary of his criminal conduct in this case, and he confirmed that he was pleading guilty because he was in fact guilty. The defendant expressly stated, "Yes. I am guilty." [*Id.*, p.13].

Having personally observed the defendant's appearance and responsiveness, the court found him competent to plead guilty. [*Id.*, p.17-18]. The court then accepted the plea and concluded the hearing by asking the defendant if he had any questions. The defendant answered that he did not. [*Id.*, p.18-19].

3

The Presentence Investigation Report ("PSR") was first disclosed on February 19, 2015. But for the negotiated 54-month sentence, the PSR calculates an advisory guideline range of 15 to 21 months on Counts 20 and 22.

The defendant and his first attorney filed a notice of objections. [Doc. 173]. The defendant objects to the PSR's inclusion of an alias that he claims to have never used, and he objects to the inclusion of a pending criminal charge which he claims has been dismissed.

The defendant has <u>not</u> objected to any other contents of his PSR, including the "Offense Conduct" section. That section includes paragraphs 8 and 9 (which are admissions of guilt taken verbatim from the plea agreement), and paragraph 10 (containing facts supporting the defendant's guilt on Count One of the indictment). At sentencing, the court may accept those unobjected-to paragraphs as findings of fact. *See* Fed. R. Crim. P. 32(i)(3)(A).

At the September 22 motion hearing, the defendant testified that, when signing his plea agreement, he did not understand the finality of that document. In his words, the defendant thought he was entering into an "open" plea agreement rather than a "closed" one. He allegedly does not "remember being told that my signature was going to be binding."

The defendant testified that his first attorney did not pay attention to him, ignored him, and pressured him. According to the defendant, his first attorney "never gave me any help or anything."

4

Relatedly, the defendant testified that he signed his plea not realizing he was entering into an agreement for a sentence of 54 months. However, on cross examination, the defendant admitted that his attorney told him that his sentence would indeed be 54 months.

When asked to provide a reason why he should be allowed to withdraw his plea, the defendant answered that the "only reason" was his guideline range. He admitted that he knew that Count One and its 120-month mandatory minimum were being dropped by the prosecution in exchange for a 54-month sentence, but he claims that he did not know his resulting guideline range at that time. According to the defendant, "I was pressured and I made a mistake." In his view, Count One has been dropped and as a result he should be sentenced within the guideline range encompassing only Counts 20 and 22.

## II.

*Analysis*

After a plea of guilty has been accepted by the court, a defendant may withdraw that plea upon demonstrating "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). To determine whether a defendant has presented "a fair and just reason," courts consider a nonexhaustive list of factors including,

1. The length of time between the plea and the motion to withdraw;

2. The presence or absence of a valid reason for failing to move earlier;

3. Whether the defendant has asserted or maintained his innocence;

4. The circumstances underlying the entry of the guilty plea;

5

5. The defendant's nature and background;

6. The degree to which the defendant has prior experience with the criminal justice system; and

7. Potential prejudice to the government if the motion is granted.

*United States v. Quinlan*, 473 F.3d 273, 276-77 (6th Cir. 2007) (citing *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)). These considerations "are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

> A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea. When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise. The withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice.

*United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (citations and quotations omitted).

A. <u>Length of Time Between Plea and Motion / Reason for Failing to Move Earlier</u>

As noted, this court accepted the defendant's guilty plea on December 16, 2014, and the defendant signed his plea on December 3, 2014. Defense counsel filed his motion on July 23, 2015, and defendant's *pro se* letter is dated only a week earlier.

More than seven months passed between the entry of the defendant's plea and his motion to withdraw. A delay of 30 days is "at the boundary line between what is acceptable and what is not." *United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (citing and quoting *United States v. Jannuzzi*, No. 07-4521, 2009 WL 579331, at *3 (6th

6

Cir. Mar. 6, 2009)). The seven-month delay in this case does not weigh in the defendant's favor. *See Benton*, 639 F.3d at 727 (93-day delay weighed against the defendant).

The defendant testified that he told his first two attorneys that he wanted to withdraw his plea but that neither lawyer filed a motion. However, the defendant's dissatisfaction with his plea agreement admittedly did not arise until after he saw his PSR. That date would have been more than two months after the court accepted his plea. Even a two-month delay does not favor the defendant. *Benton*, 639 F.3d at 727.

Relatedly, the defense memorandum argues that the delay in moving to withdraw is explained by the multiple changes in counsel. However, the defendant's July 16, 2015 letter demonstrates his ability to contact the court directly. There is no explanation why he could not have done so much earlier. Accordingly, consideration of the defendant's explanations for failing to move earlier does not weigh in favor of allowing withdrawal of the guilty plea.

### B. Assertions of Innocence

The plea agreement clearly provides, "The defendant is pleading guilty because the defendant is in fact guilty." Similarly, at his change of plea hearing the defendant stated under oath, "Yes. I am guilty." As recently as his July 16 letter, the defendant said, "I do except [sic] responsibility for my actions and do enter a plea of guilty." The consideration of whether the defendant has asserted or maintained innocence weighs heavily in favor of denying his motion.

## C. Circumstances Underlying the Entry of the Guilty Plea

According to the defendant's memorandum, he does not speak English and there has been "a cultural barrier that has caused confusion and disagreements between Mr. Verdin-Reyes and previous counsel." There is no suggestion, however, that the defendant has ever been deprived of the benefit of an effective interpreter. In fact, the defendant testified that he has been able to understand his interpreter at each court hearing and at each meeting with his attorneys.

The court recognizes that, at the change of plea hearing, the defendant stated that his satisfaction with his first attorney was "not a lot" and that he claimed to not fully understand the benefit of dropping the cocaine conspiracy charge. These statements suggest that the defendant may not have understood every nuance of his negotiated plea deal, but it appears to be only the *beneficial* nuance (the removal of his potential mandatory 120-month sentence) that he may not fully appreciate.

Nonetheless, the court again notes that, at his change of plea hearing, the defendant swore to tell the truth and he said that his attorney had explained the terms of the plea agreement to him. In his July 16 letter, the defendant appears to acknowledge that his first attorney "had my best interest at hand" in negotiating the plea deal.

At the September 22 motion hearing, the court was able to observe the defendant's demeanor and his often contradictory testimony. Having done so, the court finds the defendant's accusations toward his first attorney (that she ignored him, pressured him, and did not thoroughly explain the plea agreement) to be completely incredible. The

defendant's first attorney is an employee of the Federal Defender Services of Eastern Tennessee – an office long-known for its competence and client advocacy.[1]

The defendant's letter demonstrates that his dissatisfaction with his plea did not arise until after he saw his PSR – specifically, what his guideline range would have been had he only been charged and convicted of Counts 20 and 22. He states,

> After receiving my Presentence Investigation Report I realized I signed to a Plea Agreement specificly [sic]; Rule 11(c)(1)(C) which sentenced me to 54 months as to each count, to run concurrently, for a net effective sentence of 54 months. This sentence is above the advisory guideline range prepared by the probation officer by a minimum of 33 months. Three months shy of three years. I do except [sic] responsibility for my actions and do enter a plea of guilty. I also ask for a reasonable sentence based on the facts at hand, based on the law and what constitutes as being justice and righteous in the court of law. I'm only asking for a fair sentencing.

[Doc. 206]. The defendant's September 22 testimony (for example, "My PSR says I have an opportunity and that's what I want to do.") further documents that the defendant was satisfied with his plea until he saw his PSR. Also illuminating is the defendant's testimony that, by his understanding, Count One has been "dropped."

Understandably, the defendant would now like to be sentenced within a guideline range that does not take into account his negotiated plea or the possibility of conviction on Count One. That desire, however, is not grounds to withdraw from a negotiated plea deal that he has twice admitted was fully explained to him.

---

[1] The defendant also testified that he had no knowledge that his codefendant brother was a cocaine dealer. That issue is not directly relevant to the instant motion but nonetheless generally undermines his credibility. It is again noted that unobjected-to paragraph 10 of the PSR documents this defendant's involvement in his brother's cocaine distribution ring. *See* Fed. R. Crim. P. 32(i)(3)(A).

9

Rule 11(d) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (citation and quotation omitted). That is precisely what has happened here. At his motion hearing, the defendant testified that after seeing his PSR (and after he somehow concluded that Count One had already been dropped) he decided that his plea was no longer a good agreement.

The court has considered the circumstances underlying the entry of the guilty plea. At best, this factor does not weigh strongly in favor of plea withdrawal.

### D. Nature, Background, and Experience with the Criminal Justice System

This case is not the defendant's first federal conviction. In 2003, after entering into a plea agreement, he was sentenced to 134 days' imprisonment for illegal reentry. The defendant has also been deported three times. He has state convictions for underage consumption, driving without a license, using false identification, and driving under the influence. He has prior charges of handgun possession, contributing to the delinquency of a minor, child rape, and public intoxication. With that history, the present defendant cannot be unfamiliar with the criminal justice system. On the whole, his nature, background, and experience weigh in favor of denying the present motion.

10

Case 2:14-cr-00035-RLJ-MCLC   Document 212   Filed 09/28/15   Page 10 of 12   PageID #: 2115

### E. Prejudice to Government

The United States "is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal . . . ." *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987). Having considered the *Quinlan/Bashara* factors, the court concludes that the defendant has not shown a fair and just reason for withdrawing his plea. The court therefore need not further address the "prejudice to government" factor.

### III.

*Trial*

Lastly, for the defendant's benefit, the court sees the need to concisely restate what should by now be obvious. The court <u>cannot</u> grant the relief that is truly sought by the defendant.

Count One has not been dismissed. The United States has only agreed to eventually move for dismissal of Count One at the time of sentencing and only if the defendant is sentenced to 54 months' imprisonment under the terms of his existing plea agreement.

If the defendant were allowed to withdraw from that plea agreement, he would not then be sentenced within the 15 to 21 month guideline range. Instead, his case would no longer be in its sentencing phase at all. This case would be placed back on the court's trial docket. The defendant would go to trial on Count 20, Count 22, <u>and Count One</u>.

At trial, the United States would present evidence including recorded telephone calls and the live testimony of codefendants and investigating agents. If the jury then returned a guilty verdict on Count One, this court would be <u>required</u> by statute to impose a sentence of <u>at least</u> 120 months' imprisonment.

IV.

*Conclusion*

The defendant's current dissatisfaction with his negotiated plea agreement is not "a fair and just reason for requesting the withdrawal" of that plea. For the reasons stated herein, the motion to withdraw [doc. 204] is **DENIED**. Sentencing remains set for Thursday, November 5, 2015, at 10:00 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

12

Case 2:14-cr-00035-RLJ-MCLC   Document 212   Filed 09/28/15   Page 12 of 12   PageID #: 2117